Taliaferro, J.
A collector of parish taxes for the parish of St. Bernard, having seized certain property in default of payment of the amount of the parish tax assessed against the Mexican Gulf Railroad, advertised it for sale.
The appellant, in his representative capacity, took out an injunction to prevent the sale, alleging various grounds for his proceeding.
1. That all the movable property and fixtures of the railroad, throughout its entire course, is assessed at its domicil in New Orleans, and is not subject to taxation in the parish of St. Bernard.
2. That the lot of lumber, included among the personal effects seized, *335 belongs individually to the complainant and not to the railroad.
3. That the eight and a-half arpents of land lying adjacent to said railroad, and assessed as belonging to it, is the property of the widow of Alexander Gordon, deceased.
4. That the assessment posted for examination and correction, was illegally made in this, that the plaintiff in injunction should have been assessed in his representative capacity, and not the Mexican Gulf Railroad.
5. That no application for a list of plaintiff’s taxable property, in his fiduciary capacity or otherwise, as is required bylaw in the case of absent owners, or agents of property subject to taxation was ever made, and from this neglect of the proper officer, the plaintiff was debarred the privilege of correcting the rolls within the delays granted, and that the assessment was illegal on that account, the property assessed not having been designated or given in by the proper agent or representative of the railroad.
6. That the valuation was made in bulk, and not in separate parcels, and carried out in separate columns.
It was urged on the trial, that a much larger amount of property was seized and advertised for sale than was necessary for the payment of the taxes assessed.
The plaintiff prayed that damages to the amount of one thousand dollars be awarded him for the illegal and oppressive proceedings taken against him by the defendants.
The Court below dissolved the injunction, and ordered a sale of so much of the property seized as would be necessary to pay the amount of taxes claimed and costs.
The Court further decreed, that the defendant should pay twenty-five dollars damages, to be deducted from the amount of the tax assessed against the railroad.
From this judgment the plaintiff and appellant appeals.
In this court the defendant and appellee prays that the judgment be amended by striking out of it the decree of damages against him.
It appears that the taxes claimed amounted to one hundred and ninety dollars. A witness testified, that the property seized to pay the taxes was worth between four and five thousand dollars.
If the railroad is exempted from the payment of taxes, except at New Orleans, by any special law, it was incumbent upon the plaintiff to show it. This he has not done, and in the absence of any special provision of law to the contrary, we conclude that an assessment of a parish tax by the parish of St. Bernard might legally be made upon the property of the corporation or owners of the railroad within the limits of that parish. We do not find, from the evidence, that the plaintiff has made good the allegations in his petition for injunction. The lot of lumber among the property seized, is shown to have belonged to plaintiff only in part. The eight and a-half arpents of land, shown to belong to Mrs. Gordon, is not identified as part of the property seized.
The plaintiff has not shown how the “Mexican Gulf Railroad ” was erroneously denominated on the assessment roll.
If his own name should have been inserted, he does not allege or show *336 that the error caused him any injury, or that he was taken by surprise, or that he did not know in due time of the irregularity complained of. Not' having examined the roll within the time prescribed by law, it was too late afterwards to object to it on mere grounds of informality. 11 A. 251. 13 A. 497.
It is not alleged in the petition for injunction that the amount of property seized was greatly in excess of the amount of the taxes. This appears to be the case, but we do not think the plaintiff has made it sufficiently clear by proof that he sustained any damage from the over seizure, and consequently we are unable to concur with the District Judge; in the award of damages made by him.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, so far as it awards damages to the plaintiff In injunction; and that in all other respects it be confirmed. It is further ordered, that the plaintiff and appellant pay costs in both courts.